**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 11, 2018**

# In the Court of Appeals of Georgia

A18A1564. THE STATE v. DANIELL.

ANDREWS, Judge.

The State appeals the grant of a motion to suppress a statement given by a high school student during the school's attempt to determine why another student was found unconscious in the school restroom. We reverse.

On March 8, 2016, the victim, a ninth grade student at Villa Rica High School, was found unconscious in the school restroom. He revived but could not recall what had happened. The assistant principal reviewed hallway surveillance video and observed the victim enter the restroom with the defendant, Hunter Daniell, and another student, Shane Black. Shortly thereafter, a third student entered the restroom as well. Because Daniell and Black exited the restroom without the victim, they were called to the administrative offices, with Daniel being interviewed in the principal's

office and Black being interviewed in the assistant principal's office. At first, Daniell told the principal that he had no idea what happened, but later changed his story and stated he thought the third student who entered the restroom may have hit the victim. But the principal and assistant principal had observed Daniell and Black texting each other and suspected they were trying to coordinate their stories.

Officer Michelle Moore, a corporal with the Villa Rica Police Department who served as the high school's resource officer, was summoned to the principal's office. The assistant principal told her he had seen the two texting about saying Hunter Dean had struck the victim. At first, Officer Moore didn't know whether the victim had just had a medical problem or if the third student had attacked him, and she didn't consider Daniell as a suspect; she just wanted to find out if Daniell knew what happened. She suspected Daniell and Black knew more than what they were telling, and because the two had been texting each other, she seized their cell phones as evidence and informed them she would be requesting a search warrant. Daniell's mother arrived soon afterwards and told her son to not cover up for anybody and to tell what he knew about the incident. Daniell then stated that he choked the victim until he was unconscious and then dropped him to the floor.

2

No one expected that admission. Officer Moore decided she needed to tell the victim's mother, who had taken her son to the emergency room. She asked Daniell if he was willing to write a statement while she made the call, and Daniell did so. When she called the victim's mother, Officer Moore didn't know whether the matter would be handled administratively through the school or through a criminal prosecution. At that point, Daniel was not under arrest; he was not restrained; he was free to leave, and there was even a nearby exit door leading to the parking lot; and he was unsupervised while Officer Moore stepped out of the room and went to the reception area to make the call. But when the victim's mother indicated she wanted Daniell prosecuted, Officer Moore returned and placed him under arrest for aggravated assault.

The trial court found that after Officer Moore seized Daniell's cell phone, the situation became a custodial interrogation requiring the *Miranda* warnings. Because Officer Moore had not informed Daniell of his rights before his subsequent oral and written admissions, the trial court suppressed those statements. On appeal, the State contends the trial court erred in finding there was a custodial interrogation that implicated the *Miranda* warnings.

"Law enforcement officers are required to give *Miranda* warnings prior to questioning only where the subject is in police custody, having either been formally arrested or restrained to an extent associated with such an arrest. Where one has not been arrested, he will be considered to be in custody only under circumstances where a reasonable person in the same situation would perceive that he was deprived of his freedom of action in a meaningful way." *Jacobs v. State*, 338 Ga. App. 743, 745 (791 SE2d 844) (2016). (Citation omitted.)

"A trial court must consider the totality of the circumstances to determine whether a reasonable person would believe he is not at liberty to leave. Factors indicating a defendant is not in custody include that the defendant voluntarily accompanied an officer to another location, that the officer told the defendant he was not under arrest or otherwise in custody, that the defendant was allowed to speak to others, and that the defendant was not handcuffed or otherwise restrained." *Id.* at 745. (Citation omitted.)

In the instant case, Daniell was in the school principal's office; he had been called there by the school principal, not Officer Moore. When Officer Moore arrived, she did not think of Daniell as a suspect and did not treat him like one. She was simply trying to find out what had caused a student to end up unconscious on the

4

restroom floor. Daniell was allowed to speak to his mother, and actually it was his mother who elicited Daniell's statement. Daniell was not restrained while he was in the principal's office. Even after Daniell admitted choking the victim, Officer Moore never restrained him or told him he was not free to leave, and she left him entirely unsupervised, with a clearly marked exit door near the office, while she left the room to contact the victim's mother. Being called to the principal's office did not constitute an arrest, and being questioned by his own mother did not constitute a police interrogation. No doubt, under the circumstances, Daniell had reason to feel he was in some trouble, but this situation did not transform into a custodial interrogation, even after Officer Moore took away his cell phone. Considering the totality of the circumstances in this case, we conclude that a reasonable person would not perceive he was deprived of his freedom of action in a meaningful way.

Even if Daniell were considered to have been in custody, the fact that his own mother elicited the statement militates against suppression of the statement. "Numerous cases hold that *Miranda* is not implicated when a suspect in custody is questioned or encouraged to confess by a father, mother, wife, or girl friend." *Cook v. State*, 270 Ga. 820, 826 (2) (514 SE2d 657) (1999).

5

Accordingly, the trial court should not have suppressed Daniell's statement.

*Judgment reversed. Miller, P. J., and Brown, J., concur.*